IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERT BEEMAN


Plaintiff,

       vs.

GREGG A. KOLDENHOVEN, M.D.
FRONT RANGE ORTHOPEDICS & SPINE
And SIBYL HUGHES, PA-C

 Defendants.

_____

## COMPLAINT FOR DAMAGES AND JURY DEMAND
_____

Plaintiff Robert Beeman, by and through counsel, Marlo J. Greer, of the law firm of Leventhal & Puga, P.C., hereby submits his Complaint and states as follows:

## I. <u>CERTIFICATE OF REVIEW</u>

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

Counsel has consulted with a physician with expertise in the areas of the alleged negligent conduct as set forth in Plaintiff's Complaint for Damages and Jury Demand; and,

The physician who has been consulted has reviewed all currently known facts relevant to the allegations of negligent conduct as complained of in Plaintiff's Complaint for Damages and Jury Demand; and,

Based upon such facts, the physician has concluded that the filing of the claims against Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

The physician who has reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint for Damages and Jury Demand meets the requirements set forth in C.R.S. § 13-64-401.

## II.  JURISDICTION AND VENUE

1.      Plaintiff Robert Beeman is a citizen on the State of Idaho.

2.      Defendant Koldenhoven is a citizen of the State of Colorado and is a physician licensed to practice medicine in the State of Colorado

3.      Upon information and belief, at all times relevant, Defendant Front Range Orthopedics & Spine, hereafter referred to as "Defendant Front Range", was a Colorado Corporation with its principal place of business located at 1551 Professional Lane, #200 in the City of Longmont, Boulder County, and was authorized to do business in the State of Colorado.

4.      Upon information and belief, at all times relevant, Sibyl Hughes, PA-C, hereafter referred to as "PA-C Hughes", was a physician's assistant licensed to practice medicine in the State of Colorado and was an employee of Defendant Front Range.

5.      Upon information and belief, Kevin Mayeda was a Certified Athletic Trainer and was an employee of Defendant Front Range.

6.      Jurisdiction is proper in this Court under 28 USC §1332, by reason of the diversity of citizenship of the Parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

7.      All Defendants reside in the State of Colorado.

8.      The tortious that gives rise to the claims alleged herein occurred in the State of Colorado.

9.      Venue is proper in this Court under 28 USC §1391.

### III.  GENERAL ALLEGATIONS

10.      Plaintiff incorporates paragraphs 1 through 9 as if set forth fully herein.

11.      On or about April 11, 2013, Robert Beeman consulted with Sibyl Hughes, PA-C at Good Samaritan Medical Center regarding bilateral heel pain with inability to ambulate.

12.      X-Rays revealed bilateral calcaneus fractures.

13.      Ms. Hughes determined that Mr. Beeman had uncontrolled diabetes and had a history of smoking.  Ms. Hughes documented in the medical records that she had a frank discussion with Mr. Beeman in regards to his uncontrolled diabetes as well as his smoking history, and the concern for delayed healing and nonunion of the calcaneus fractures with surgical intervention.  Ms. Hughes recommended that Mr. Beeman follow-up with Dr. Koldenhoven the following week.

14.      Mr. Beeman consulted with Dr. Koldenhoven on or about April 15, 2013. Dr. Koldenhoven noted that Mr. Beeman's calcaneus fractures were minimally displaced and recommended nonoperative management of the fractures.

15.      Mr. Beeman consulted with Dr. Koldenhoven again on or about April 29, 2013 and Dr. Koldenhoven recommended surgical intervention of Mr. Beeman's right calcaneus fracture.  Dr. Koldenhoven did not recommend surgery for the left calcaneus fracture.

16.     Mr. Beeman was seen at Front Range Orthopedics on May 1, 2013 to have his wound vac and dressing checked, and his cryocooler addressed.   According to the medical records, Dr. Koldenhoven contacted Day Surgery at Longmont United Hospital which had a cooler waiting for Mr. Beeman.

17.     Ms. Hughes, P.A. treated Mr. Beeman on May 7, 2013 wherein she noted no post-operative complications and that Mr. Beeman was compliant with post-operative instructions. Mr. Beeman had a right toe wound that appeared macerated with mild redness surrounding the wound.

18.     Mr. Beeman was also seen by William P. Cooney on May 7, 2013. Dr. Cooney and Ms. Hughes noted that Mr. Beeman had a high risk of infection, and delay or non-healing of his calcaneous fractures and/or wounds. Also noted was the concern that Mr. Beeman did not properly have his diabetes under control. X-Rays were reviewed and it was noted that the X-Rays showed no evidence of fracture displacement.

19.     Dr. Koldenhoven reviewed the May 7, 2013 chart noted on May 20, 2013 and electronically signed the note at 9:59 p.m. on May 20, 2013.

20.     Mr. Beeman was treated by Dr. Koldenhoven on May 16, 2013. Dr. Koldenhoven noted a black eschar on the posterior aspect of Mr. Beeman's heel and a blister of the dorsum of the right foot. Dr. Koldenhoven removed Mr. Beeman's sutures and recommended close monitoring of Mr. Beeman's heel due to the black eschar.

21.     On June 19, 2013, Mr. Beeman returned to Dr. Koldenhoven who noted the black eschar, right toe wound, and X-rays with what appeared to be re-displacement of the right heel fracture with no obvious breakage of the hardware. Follow-up CT scan was recommended.

22.     Mr. Beeman returned on July 15, 2013 and reported no changes in his symptoms. Dr. Koldenhoven noted bruising, swelling, and a black eschar.  According to the medial records, Dr. Koldenhoven reviewed the CT scan and determined that Mr. Beeman required revision with removal of hardware. He referred Mr. Beeman to wound care to get his wound closed as it was in the area where Dr. Koldenhoven planned to put hardware.

23.     Dr. Koldenhoven treated Mr. Beeman in follow-up on August 6, 2013 and noted right calcaneus fracture with plantar splint noted once again with malunion questionable nonunion. He also noted a decubitus ulcer on Mr. Beeman's right foot. Dr. Koldenhoven recommended removal of hardware, subtalar arthrodesis, and correction of the malunion/nonunion of the calcaneus fracture. Dr. Koldenhoven noted "the very high risk nature of the procedures including the potential for infection."

24.     Mr. Beeman saw Dr. Koldenhoven again on September 5, 2013 and Mr. Beeman indicated his right heel was improving. Mr. Beeman's wound on the posterior aspect of the heel was improving. Dr. Koldenhoven discussed the recommended surgery for Mr. Beeman and again noted the risk of infection.

25.     Dr. Koldenhoven operated on Mr. Beeman on September 24, 2013. Dr. Koldenhoven performed a right calcaneus hardware removal, correction of mal reduction and subtalar arthrodesis and an irrigation and debridement with closure of the right heel ulcer.

26.     A DonJoy Iceman Classic Cold Therapy Unit model 1100 (hereinafter referred to as "CTU") was applied to Mr. Beeman's right foot following surgery.

27.     Mr. Beeman was seen at Front Range Orthopedics by Kevin Mayeda on September 27, 2013 with the concern that he had bled through all of his dressings. Mr. Beeman's

dressings were changed, a new splint was made, and Mr. Beeman was told to follow up with Dr. Koldenhoven on his regularly scheduled appointment.

28.     Upon information and belief, Kevin Mayeda has a B.A. in Kinesiology and is a certified athletic trainer and certified strength and conditioning specialist.

29.     On October 2, 2013, Mr. Beeman was treated by Dr. Koldenhoven.  Mr. Beeman stated that his ice machine leaked and his dressing was very wet. Dr. Koldenhoven noted maceration of the skin secondary to being wet.   Mild serous drainage was noted. Dr. Koldenhoven recommended holding off on antibiotics and repeat evaluation in one week.

30.     Mr. Beeman went to the Emergency Department at Longmont United Hospital on October 9, 2013 complaining of nausea, generalized weakness, fever and chills, increased purulent drainage and foul order. The entire lateral aspect of the ankle and calcaneus was erythematous and warm. Several consultations were obtained and Curtis Leonard, M.D. performed and irrigation and debridement down to and including bone. Dr. Leonard noted considerable pus all throughout the joint as well as into the peroneal tendon sheath.

31.     Mr. Beeman's cultures were positive for methicillin susceptible staph aureus. He was diagnosed with acute osteomyelitis of the right calcaneus.

32.     Mr. Beeman saw Dr. Koldenhoven in follow-up on October 28, 2013 and November 14, 2013. At both visits Dr. Koldenhoven noted that Mr. Beeman had a large necrotic wound over the lateral aspect of the calcaneus, was draining significant amount of serous fluid and was receiving wound care.  Mr. Beeman was also seen on November 20, 2013 with the same symptoms. Dr. Koldenhoven recommended treatment with a wound vac and continued treatment at the wound care clinic.

33.     Mr. Beeman continued to follow-up as directed. Ultimately, he was diagnosed with chronic osteomyelitis of his right foot and ankle and was referred for a below the knee amputation. Mr. Beeman's right leg was amputated below the knee on March 18, 2014.

## IV.  FIRST CLAIM FOR RELIEF
### (Medical Negligence – Gregg Koldenhoven, M.D.)

34.     Plaintiff incorporates paragraphs 1 through 33 as if set forth fully herein.

35.     Defendant Koldenhoven was negligent in his care and treatment of Robert Beeman, and as a result, Mr. Beeman suffered severe, permanent, injuries and damages, as more fully described below.

36.     With respect to his care and treatment of Mr. Beeman, Defendant Koldenhoven, owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians in similar situations.

37.     Defendant Koldenhoven deviated from the standard of care and was negligent in his care and treatment of Mr. Beeman, including but not limited to the following:

- Failing to provide appropriate care and treatment to Mr. Beeman including performing surgery on April 30, 2013;

- Failing to timely and adequately diagnose Mr. Beeman's medical condition;

- Failing to ascertain the safety of the CTU before recommending it, using an unsafe post-operative cold therapy system, failing to properly instruct Plaintiff in the safe use of the CTU, failing to provide appropriate post-operative care, failing to properly recognize the risk of infection related to the CTU, failing to appropriately respond to the risk of infection following the CTU malfunction.

- Failing to properly train and supervise Front Range staff regarding the CTU.

- Failing to conduct appropriate follow-up care and treatment including care and treatment for Mr. Beeman's post-operative wounds;

- Performing the September 24, 2013 surgical procedure in the presence of an open wound in a diabetic patient; and

- Failing to adequately and timely respond to Mr. Beeman following the April 30, 2013 and September 24, 2013 surgical procedure, including the failure to diagnose, respond and treat, Mr. Beeman' post-operative infections.

38.    As a direct and proximate result of the negligent conduct of Defendant Koldenhoven, the Plaintiff, Robert Beeman suffered injuries, damages and losses including but not limited to leg pain, foot and ankle pain, leg amputation, decreased mobility, constant pain and stiffness.  Plaintiff Robert Beeman's injuries are disabling, incapacitating and humiliating. His injuries are permanent resulting in permanent impairment, disfigurement, pain, suffering, loss of enjoyment of life, and other injuries and damages.  The Defendant Koldenhoven's negligence has caused the Plaintiff to suffer economic loses, including lost past and future income and earning capacity, past and future medical expenses, and other economic and non-economic losses both past and future.

**V.  SECOND CLAIM FOR RELIEF**
**(Vicarious Liability/Respondeat Superior – Gregg Koldenhoven, M.D.)**

39.    Plaintiff incorporates paragraphs 1 through 38 as if set forth fully herein.

40.    C.R.S. 12-36-106(5)(b)(I), requires in part, for physician assistants performing acts which constitute the practice of medicine, that "the act[s] shall not be performed except under the personal and responsible direction and supervision of a person licensed…to practice

medicine…The board, by rule, may define what constitutes appropriate direction and supervision of a physician assistant.

41.     Pursuant to 3 Colo. Code Regs. 713-7; the primary physician supervisor is responsible for the conduct of physician assistants.

42.     Defendant Koldenhoven was the primary physician supervisor for PA-C Hughes and should have assumed responsibility for PA-C Hughes's care and treatment of the Plaintiff, Robert Beeman at all times relevant set forth in this Complaint.

43.     Defendant Koldenhoven, through vicarious liability, as set forth in this Complaint, resulted in injuries, damages and losses to Plaintiff as set forth above.

## VI.  THIRD CLAIM FOR RELIEF
### (Vicarious Liability – Front Range Orthopedics & Spine)

44.     Plaintiff incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45.     At all times relevant in this complaint, PA-C Hughes and Kevin Mayeda, were employees or agents of Defendant Front Range, acting within her scope and course of employment.

46.     Defendant Front Range is vicariously liability for any negligence on the part of PA-C Hughes and Kevin Mayeda who provided care and treatment to the Plaintiff Robert Beeman.

47.     With respect to her care and treatment of Mr. Beeman, PA-C Hughes, owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians assistants in similar situations.

48.     PA-C Hughes deviated from the standard of care and was negligence in her care and treatment of Mr. Beeman, including but not limited to the following:

- Failing to timely and adequately diagnose Mr. Beeman' medical condition;
- Failing to conduct an adequate post-operative evalution(s) of Mr. Beeman, including his signs and symptoms of infection.

49.     Kevin Mayeda was negligent in his care and treatment of Mr. Beeman by failing to obtain appropriate physician and/or physician assistant consultations on September 27, 2013, failing to appropriately respond to Mr. Beeman's post-surgical wounds, failing to provide appropriate follow-up instructions following the September 27, 2013 office visit, and failing to recognize the risks of infection at the September 27, 2013 office visit.

50.     As a direct and proximate result of the negligent conduct of Defendant Front Range, by and through their employees – PA-C Hughes and Kevin Mayeda, the Plaintiff, Robert Beeman, suffered injuries, damages and losses including but not limited to leg pain, deformity of the leg, leg amputation, decreased mobility, constant pain and stiffness.  Plaintiff Robert Beeman's injuries are disabling, incapacitating and humiliating.  His injuries are permanent resulting in permanent impairment, disfigurement, pain, suffering, loss of enjoyment of life, and other injuries and damages.  The Defendant Front Range's negligence caused the Plaintiff to suffer economic loses, including lost past and future income and earning capacity, past and future medical expenses, and other economic and non-economic losses both past and future.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in favor of the Plaintiff and against the Defendant in an amount to be determined by the trier of fact, all interest allowed by law including all prejudgment interest, all pre-filing interest, and all post judgment

interest, expert witness fees, filing fees, deposition expenses, and for all other costs and expenses

as allowed under law, and for such other and further relief as this Court may deem appropriate.

PLAINTIFF REQUESTS A TRIAL TO A JURY.

Respectfully submitted this 29th day of April, 2015.

LEVENTHAL & PUGA, P.C.

_s/ Marlo J. Greer_
Marlo J. Greer
950 S. Cherry Street, Suite 600
Denver, Colorado  80246
Phone:  (303) 759-9945
Facsimile:  (303) 759-9692

**ATTORNEYS FOR PLAINTIFF**

<u>**PLAINTIFF'S ADDRESS:**</u>

17130 Basey Street
Murphy, ID 83650